UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**VIKING INSURANCE COMPANY OF WISCONSIN**          **PLAINTIFF**

VS.          **CIVIL ACTION NO.:** 2:19-cv-108-KS-MTP

**ASHOK SAKHRANI, RITU SAKHRANI,
TOMMY DOIRON, DEREK RAYNER,
STATE FARM MUTUAL INSURANCE COMPANY,
AF GROUP INSURANCE COMPANY, a foreign
corporation, d/b/a ACCIDENT FUND INSURANCE
COMPANY OF AMERICA and THIRD COAST
UNDERWRITERS, AAA AMBULANCE SERVICE,
FORREST GENERAL HOSPITAL, SOUTH
Mississippi EMERGENCY PHYSICIANS,
COMPREHENSIVE RADIOLOGY, HATTIESBURG
CLINIC PROFESSIONAL ASSOCIATION d/b/a
PHYSICAL MEDICINE AND REHAB, AND JOHN
DOES 1-25, 26-50, 51-75 and 76-100**          **DEFENDANTS**

---

**COMPLAINT FOR INTERPLEADER AND FOR DECLARATORY JUDGMENT**

---

COMES NOW Viking Insurance Company of Wisconsin (hereinafter "Viking"), by and through its counsel, Copeland Cook Taylor & Bush, P.A., and files this Complaint for Interpleader pursuant to 28 U.S.C. § 1335 and for Declaratory Judgment pursuant to *Federal Rules of Civil Procedure,* Rule 57, and in support thereof would show unto the Court the following:

**I. INTRODUCTION**

1. Viking brings this action for the purpose of depositing (interpleading) certain insurance policy proceeds into the registry of this Court and for the purpose of seeking a Declaratory Judgment that Viking has no further liability whatsoever as to any and all claims (or possible claims) by any of the Defendants.

## II. THE PARTIES

2. Plaintiff Viking Insurance Company of Wisconsin is an insurance company existing under the laws of the State of Wisconsin and has its principal place of business in the State of Wisconsin, and is authorized to do and is doing business in the State of Mississippi.

3. Based upon information and belief, Defendant Ashok Sakhrani is an adult resident citizen of the State of Mississippi and resides at 2512 Holiday Drive, Gautier, Mississippi 39553, where he may be served with process of this Court.

4. Based upon information and belief, Defendant Ritu Sakhrani is an adult resident citizen of the State of Mississippi and resides at 2512 Holiday Drive, Gautier, Mississippi 39553, where he may be served with process of this Court.

5. Based upon information and belief, Defendant Tommy Doiron is an adult resident citizen of the State of Mississippi and resides at 14873 Highway 35, Mize, Mississippi 39116, where he may be served with process of this Court.

6. Based upon information and belief, Defendant Derek Rayner is an adult resident citizen of the State of Mississippi and resides at 29 Sawmill Drive, Ellisville, Mississippi 39437, where he may be served with process of this Court.

7. State Farm Mutual Automobile Insurance Company is a foreign incorporated insurance company, which is licensed to do and doing business in the State of Mississippi, and may be served with process of this Court through service upon its statutory agent for service of process, United States Corporation Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110, or through service upon the Mississippi Commissioner of Insurance.

8. AF Group Insurance Company is a holding company doing business through its brands Accident Fund Insurance Company of America and Third Coast Underwriters. AF Group a foreign insurance company not licensed to do business in the State of Mississippi but which is doing business in the State of Mississippi with its principal place of business at 200 N. Grand Avenue, Lansing, MI 48901. AF Group may be served with process of this Court through service upon the Mississippi Commissioner of Insurance. Accident Fund Insurance Company of America, a member of AF Group, may be served with process through its agent for process C.T. Corporation System of Mississippi, 645 Lakeland East Drive East, Suite 102, Flowood, Mississippi 39232. Third Coast Underwriters, a member of AF Group, maintains its principal place of business at 200 W. Madison Street, Lansing, MI 48901 and may be served with process of this Court through service upon the Mississippi Commissioner of Insurance.

9. AAA Ambulance Service is a Mississippi company/corporation whose registered agent for service of process is Wade N. Spruill Jr., 55 Raspberry Lane, Hattiesburg, Mississippi 39401.

10. Forrest General Health Services, Inc d/b/a Forrest General Hospital is a Mississippi corporation whose registered agent for service of process is Edward L. Foster, 116 Woodgreen Crossing, Madison, Mississippi 39130.

11. South Mississippi Emergency Physicians, PA is a Mississippi professional association whose registered agent for service of process is John C. Nelson, Forrest General Hospital, 6051 Highway 49, Hattiesburg, Mississippi 39401.

12.	Comprehensive Radiology Services, PLLC is a Mississippi professional association whose registered agent for service of process is James D. Sumrall, 5000 W. Fourth Street, Hattiesburg, Mississippi 39402.

13.	Hattiesburg Clinic Professional Association d/b/a Physical Medicine and Rehab is a Mississippi professional association whose registered agent for service of process is Tommy G. Thornton, 415 South 28th Avenue, Hattiesburg, Mississippi 39401.

14.	John Does 1-25, 26-50, 51-75 and 76-100 are unknown persons or entities who have or may have competing claims for the insurance policy proceeds in issue and these unknown claimants, if any, will be substituted after their identity, residency, citizenship and interest in the proceeds hereinafter interpleaded are discovered. John Does 1-25 are unknown health care providers and/or claimants of Ashok Sakhrani; John Does 26-50 are unknown health care providers or claimants of Ritu Sakhrani; John Does 51-75 are unknown health care providers or claimants of Tommy Doiron; and John Does 76-100 are unknown health care providers and claimants of Derek Rayner.

### III.  JURISDICTION AND VENUE

15.	This Court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C.§ 1335 in that the amount in controversy exceeds Five Hundred Dollars ($500.00) and there is minimal diversity[1] present among the interpleader claimants pursuant to statute.

16.	Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. § 1397 because one or more of the interpleader claimants reside in this district and division.

---

[1] *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523 (1967).

## IV.  COMPLAINT FOR INTERPLEADER

17. This is an interpleader action arising from competing claims (and potential competing claims/claimants) for proceeds under an automobile liability policy (hereinafter "the Policy") issued by Viking to Toxie Smith, Policy No. 11404638854, Policy term June 29, 2018 to December 29, 2018, providing liability coverage of $25,000 per person and $50,000 per accident, covering a 2004 GMC Sierra pickup truck (hereinafter "insured vehicle").

18. The insured vehicle was involved in a motor vehicle accident on August 18, 2018, while being operated by Summer Hendrix (hereinafter "Hendrix").  On that occasion, Hendrix was operating the insured vehicle on Highway 49 North at or near Bud Myers Road in Forrest County, Mississippi.  Hendrix was traveling north in the left hand lane due to the right lane being closed for construction.  At the same time, work was being done on the roadway "right of way" by Dunn Roadbuilders as it was paving the right hand lane of Highway 49 North.  A vehicle operated by Ashok Sakhrani and occupied by Ritu Sakhrani slowed for the construction work at which time Hendrix struck the rear of the Sakhrani vehicle causing it to careen forward into a nearby ditch.  The Hendrix vehicle then veered into the right hand lane of traffic occupied by construction workers striking a worker near an asphalt Paver, then striking the asphalt Paver itself, and one other worker.  The Hendrix vehicle then came to rest facing northeast on Highway 49 North.  The construction workers hit and injured are believed to be Tommy Doiron and Derek Rayner, made defendants herein.  It is believed that while Doiron and Rayner were then working in a Dunn Roadbuilding crew, but that they were actually employed by someone other than Dunn, believed to be Labor Finders.

19. Competing claims (the "Competing Claims") have been asserted against Viking due to the negligence of Summer Hendrix.  State Farm Mutual Automobile Company has demanded

reimbursement for amounts paid to Ashok Sakhrani and Ritu Sakhrani. *See* Demand attached as Exhibit "A" hereto. AF Group has demanded reimbursement for worker's compensation benefits paid to Derek Rayner and Tommy Doiron. *See* Demand attached as Exhibit "B" hereto. Ashok Sakhrani has demanded payment for injuries sustained in the subject collision through his attorneys, Davis and Davis. *See* Demand attached as Exhibit "C" hereto. Ritu Sakhrani has demanded payment for injuries sustained in the subject collision through her attorneys, Davis and Davis. *See* Demand attached as Exhibit "D" hereto. Tommy Doiron has demanded payment for injuries sustained in the subject collision through his attorney, Richard Schwartz. *See* Demand attached as Exhibit "E" hereto. Derek Rayner is believed to have employed attorney Richard Schwartz also to represent him however outstanding inquiries to confirm have been unsuccessful.

20. AAA Ambulance Service, Forrest General Hospital, South MS Emergency Physicians, Comprehensive Radiology, and Physical Medicine and Rehab provided medical services or treatment to Ashok Sakhrani and Ritu Sakhrani following the subject accident and possess a lien or claim for reimbursement for such medical services.

21. No suits have been filed at this time by any of the claimants to the knowledge of Plaintiff. However, Plaintiff expects such suits to be filed by the claimants in the future. All of the claimants in this action have or may have a claim against the Insurance Policy proceeds (the "Proceeds") which will subject Plaintiff and its insured to multiple and possibly conflicting claims and to a multiplicity of suits.

22. As a result of the multiple and conflicting claims, Plaintiff is in doubt and cannot safely determine, as between the claimants, which claim to pay. Plaintiff does not know to which of the claimants it may safely pay under the above referenced Policy since it is believed that the

limits of liability for claims under the above referenced Insurance Policy will/may not be sufficient to settle all of the existing claims.

23. Said competing claims create a justiciable dispute under Mississippi and Federal law as to who is entitled to the insurance proceeds under the Policy with Viking being the stakeholder of said proceeds and desiring said proceeds to be paid to the proper party (or parties) in accordance with the provisions of the Policy and applicable Mississippi law.

24. Accordingly, upon deposit of the proceeds into the registry of this Court, Viking should be declared to have fulfilled its obligations it may have under the Policy to any and all persons and entities.

## V.  INTERPLEADER

25. Accordingly, with "[t]wo or more adverse claimants of diverse citizenship . . . . claiming. . . . to be entitled to such money" under 28 U.S.C. § 1334, Viking seeks to interplead the Policy proceeds of $50,000.00 into the registry of the Court for judicial determination by this Court as to whom said Policy proceeds should be paid.

## VI.  DECLARATORY JUDGMENT

26. As aforesaid, a justiciable actual controversy within this Court's jurisdiction exists between the parties named herein, and Viking requests an adjudication and declaration by this Court pursuant to *Federal Rules of Civil Procedure,* Rule 57, regarding the parties' respective rights and obligations under Viking Policy No. 11404638854, a copy of which is attached hereto as Exhibit "F", issued to Toxie Smith and in effect at the time of the subject accident on August 18, 2018.

27. None of the Claimants made Defendants herein have any legal claim directly against Viking beyond the Insurance Policy limits of $50,000.00 set forth in the Policy, and for which Viking seeks to interplead in this action.

28. Viking specifically requests this Court to adjudicate and declare that Viking is liable only for the payment of said $50,000.00 policy limits which Viking seeks to interplead into this Court and that no purported claims by or through the claimants, the Defendants herein, or any other claimant unknown or unidentified at this point can be validly asserted against Viking.

29. Viking further specifically requests this Court to further adjudicate and declare that Viking is relieved of any and all liability whatsoever to any of the claimants, the Defendants herein, by payment of the Insurance Policy proceeds into the Registry of this Court for judicial determination as to who should receive said proceeds, and that the claimants, the Defendants herein, be restrained and prohibited, pursuant to 28 U.S.C.§ 2361 "from instituting or prosecuting any proceeding in any State or United States Court" affecting the policy limits, the Policy, or any rights or obligations thereunder against Viking.

WHEREFORE PREMISES CONSIDERED, Viking Insurance Company of Wisconsin requests this Court to adjudicate, declare, and order as follows:

A. That upon deposit of the described funds in the total amount of $50,000.00 into the Registry of this Court, that this Court, after sufficient discovery and inquiry, will adjudicate the claimants' rights to said proceeds and/or the claimants resolve their respective rights to said proceeds being interplead by Viking under the applicable Insurance Policy;

B. That Viking Insurance Company of Wisconsin has fulfilled any and all of its contractual obligations whatsoever under the applicable Insurance Policy and as to the proceeds being interplead, and is adjudicated and declared by this Court to be absolved from any and all claims under the Policy or contract of insurance which could be made by or through any of the claimants, who are Defendants herein;

C. That, by adjudication and judicial declaration of this Court, the claimants, who are Defendants herein, shall be judicially restrained and prohibited from seeking any relief from or against Viking Insurance Company of Wisconsin in any proceeding in any Court arising from the circumstances described herein or related to the subject accident or the subject Policy; and,

D. Viking further requests from the Court any other relief which it is entitled to under the circumstances.

Respectfully submitted, this the 31st day of July, 2019.

**VIKING INSURANCE COMPANY OF WISCONSIN**

BY: COPELAND, COOK, TAYLOR & BUSH, PA.

BY: s/<u>WILLIAM E. WHITFIELD, III</u>
Mississippi Bar No. 7161
s/<u>JAMES E. WELCH, JR.</u>
Mississippi Bar No. 7090

William E. Whitfield, III.
James E. Welch, Jr.
COPELAND, COOK, TAYLOR, & BUSH, P.A.
2781 C.T. Switzer Sr. Drive, Suite 200
Biloxi, Mississippi 39531
P.O. Box 10
Gulfport, Mississippi 39502-0010
telephone (228) 863-6101
telecopier (228) 863-9526