**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**VIKING INSURANCE COMPANY
OF WISCONSIN**                                                   **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO. 2:19-CV-108-KS-MTP**

**ASHOK SAKHRANI,** *et al.*                                    **DEFENDANTS**

**O**RDER

This is an interpleader action arising from a motor vehicle accident. Plaintiff insured a vehicle being operated by Summer Hendrix. Hendrix rear-ended a vehicle occupied by Ashok and Ritu Sakhrani and swerved into a lane occupied by construction workers, striking two of them. After the accident, numerous claims were made on the subject policy, but it only provided liability coverage of $25,000.00 per person and $50,000.00 per accident.

Plaintiff filed this interpleader action in July 2019. Shortly thereafter, the Court ordered Plaintiff to deposit the entire policy limits of $50,000.00 into the registry of the Court. Numerous parties appeared in response, but most of them disclaimed any interest in the policy proceeds. One defendant filed a counterclaim, but the parties reached an agreement resolving it.

On May 7, 2020, Plaintiff filed a Motion to Discharge and Dismiss [69]. Therein, Plaintiff argues that it has discharged its obligations under the policy, and that the Court should declare that it has paid the total amount of its liability into the

Court's registry, that all remaining Defendants are enjoined from asserting any claims against Plaintiff related to the subject policy and motor vehicle accident, that Plaintiff is dismissed from this action with prejudice and discharged from any further liability, and that Plaintiff should be awarded its attorney fees and costs.

In response, Defendants Accident Fund Insurance Company of America, Ashok Sakhrani, and Ritu Sakhrani object to Plaintiff receiving an award of fees and costs out of the policy proceeds, but otherwise agree that Plaintiff has discharged its obligations under the policy and should be dismissed from this case. Therefore, the only issue the Court needs to address is whether Plaintiff should receive an award of its attorney's fees and costs out of the policy proceeds.

"It is well settled that a district court has the authority to award costs, including reasonable attorney's fees, in interpleader actions." *Royal Ind. Co. v. Bates*, 307 F. App'x 801, 806 (5th Cir. 2009). "Fees may be awarded when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants." *N.Y. Life Ins. & Annuity Corp. v. Cannatella*, 550 F. App'x 211, 217 (5th Cir. 2013). The Court may consider numerous factors, including "(1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefitted the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings." *Bates*, 307 F. App'x at 806. But fee awards in "interpleader matters are relatively small and are awarded simply to compensate for initiating the proceedings." *Great Am. Life Ins. Co.*

*v. Tanner*, 2016 WL 6999438, at *2 (N.D. Miss. Nov. 29, 2016).

The Court declines to award Plaintiff its fees and costs. This Court has found that an insurer has an interest in an interpleader case where it has an obligation to pay policy proceeds to one of the defendants. *Mass. Mut. Life Ins. Co. v. Lane*, 2008 WL 2512389, at *1-*2 (S.D. Miss. June 20, 2008). In such cases, the insurer receives a benefit from the interpleader – insulation from "multiple and vexatious lawsuits." *Id.* at *2; *see also Cogan v. United States*, 659 F. Supp. 353, 354 (S.D. Miss. 1987); *Maryland Cas. Co. v. Sauter*, 377 F. Supp. 68, 70-71 (S.D. Miss. 1974).[1] Similarly, Plaintiff has an interest in the present case in that it receives the benefit of a declaratory judgment relieving it of any further obligation under the policy relative to the subject motor vehicle accident.

Therefore, Plaintiff's Motion for Discharge and Dismissal [69] is **granted in part and denied in part**. The Court denies the motion with respect to Plaintiff's request for fees and costs. The Court grants the motion as unopposed in all other respects. The Court will enter a separate judgment pursuant to Rule 54(b).

SO ORDERED AND ADJUDGED this 15th day of July, 2020.

/s/   Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[1] Another court has noted the potential for abuse if courts were to hold otherwise: "[E]very stakeholder confronted with two or more adverse claimants who are claiming, or might claim, to be entitled to money or property could interplead the fund, depositing it into the registry of the court, gain protection offered the stakeholder by an adjudication, and, in effect, cause the successful claimant to bear the costs, counsel fees and expenses of the interpleading action." *Paul Revere Life Ins. Co. v. Riddle*, 222 F. Supp. 867, 868 (E.D. Tenn. 1963).